IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **ALLISON CARTER**,<br><br>    PLAINTIFF,<br><br>v.<br><br>**GC SERVICES LIMITED PARTNERSHIP**,<br><br>    DEFENDANT. | Case No.:<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW the above-named Plaintiff, by and through the undersigned counsel, and hereby files this Complaint for violations of the Fair Debt Collection Practices Act and Georgia's Fair Business Practices Act against the above-named Defendant. In support hereof, Plaintiff shows this Honorable Court as follows:

### JURISDICTION AND VENUE

1. This action arises out of Defendants' illegal and improper efforts to collect a consumer debt, violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (the "FDCPA"), and Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-390 *et seq.* ("FBPA"), and Plaintiff's claims under these statutes are so related that they form the same case or controversy.

2. This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337, and 1367.

3. This Court has personal jurisdiction over the Defendant for the purposes of this action because the Defendant transacts business in the State of Georgia, the committed acts that form the basis for this suit occurred within the State of Georgia, and Defendant is registered to do business within the State of Georgia.

4. Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. §§ 1391 because many of the acts and transactions giving rise to this action as alleged in this complaint occurred in this District and Defendant regularly seeks to collect debts from consumers residing in this District and in the Atlanta Division.

**PARTIES**

5. Plaintiff is a natural person who is a resident of Fulton County, Georgia, and is a "consumer" as is defined by 15 U.S.C. § 1692a(3), and a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. § 1692k(a).

6. Plaintiff is a "consumer" as that term is defined by O.G.C.A. § 10-1-392(a)(6).

7. Defendant is limited partnership organized under the laws of the State of Delaware and does business within the State of Georgia, particularly within Fulton County, Georgia.

8. Defendant has a registered agent named C T Corporation System who has a physical address for service in Gwinnett County, Georgia at 289 S Culver St, Lawrenceville, GA 30046-4805. The Summons and Complaint may be served on Defendant's registered agent at said address or wherever it may be found.

9. Defendant is a debt collection company operating within, and actively collecting consumer debts in, the State of Georgia, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. Defendant is in the business of debt collection.

11. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

12. Defendant directed communications to Plaintiff using means of interstate commerce while Plaintiff resided in Georgia and in this judicial district.

13. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

14. Defendant holds itself out to the public as a company that frequently collects or attempts to collect debts.

15. Defendant's principal purpose is the collection of debts.

16. Defendant's correspondence states prominently on the bottom in bold "[t]his communication is from a debt collector."[1]

17. Defendant manages a high volume debt collections practice.

18. Defendant's website states "[w]ith our proven model of managing account receivables and collections, we are equipped with the best strategies to recover outstanding debts. . . ."[2]

## FACTS RELEVANT TO ALL COUNTS

19. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692(a)(3), as she is a natural person who Defendants alleged was obligated to pay a consumer debt.

20. At some time prior to March 30, 2021, Plaintiff allegedly incurred a financial obligation to USAA Savings Bank in the approximate amount of $7,750.00 (the "Debt").

21. The Debt is alleged to have arisen from one or more transactions.

22. The Debt was primarily for personal, family, or household purposes.

---

[1] *See* Exhibit A.
[2] Accounts Receivable Management, gcservices.info, available at (https://gcservices.info/accounts-receivable-management/) (last accessed 12/10/2021).

23. USAA Savings Bank engaged Defendant to be its agent for the purpose of collecting or attempting to collect the Debt.

24. On September 6, 2021 Defendant sent Plaintiff a dunning letter in attempt to collect the Debt (the "First Dunning Letter"). A true and correct copy of the First Dunning Letter is attached hereto as Exhibit "A."

25. The Debt was in default prior to September 6, 2021.

26. On October 15, 2021, Plaintiff retained legal counsel to defend her from collection attempts on the Debt and paid counsel for this service.

27. On October 19, 2021 Plaintiff's counsel sent Defendant a debt validation request letter (the "Debt Validation Letter") via certified U.S. mail, which gave the following prominent warning:

> **Please be advised that you have now been informed that my client is represented by legal counsel in this matter. **You may not contact my client directly**. All correspondence relating to this matter should be sent to me. If you contact my client directly after being informed that they are represented by counsel, you may be subject to damages and an award of attorney's fees of thousands of dollars pursuant to the federal Fair Debt Collection Practices Act and applicable state law.**

A true and correct copy of the Debt Validation Letter is attached hereto as Exhibit "B."

28. On November 5, 2021, after receiving the Debt Validation Letter, Defendant sent a second dunning letter directly to Plaintiff in attempt to collect the Debt (the "Second Dunning Letter"). A true and correct copy of the Second Dunning Letter is attached hereto as Exhibit "C."

29. Upon receiving the Second Dunning Letter, Plaintiff was distressed, frustrated, and concerned that Defendant was continuing to contact her after she had hired and paid an attorney to prevent exactly that kind of contact.

## COUNT I

### Violation of FDCPA § 1692(c)

30. 15 U.S.C. § 1692(c) of the FDCPA provides as follows:

    **(a) Communication with the consumer generally**

    **Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt— . . .**

    **. . . (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or**

**can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; . . .**

31. Defendant communicated directly with Plaintiff in violation of 15 U.S.C. § 1692(e) by sending the Second Dunning Letter directly to Plaintiff after Defendant had received the Debt Validation Letter from Plaintiff's attorney, which contained Plaintiff's attorney's name and address and warned Defendant not to communicate directly with Plaintiff.

32. Plaintiff did not give Defendant consent to communicate directly with Plaintiff prior to Defendant sending the Second Dunning Letter directly to Plaintiff.

33. No court of competent jurisdiction gave Defendant express permission to communicate directly with Plaintiff.

34. Plaintiff's attorney did not consent to Defendant's direct communication with Plaintiff.

## COUNT II

**Violation of the Georgia Fair Business Practices Act, O.C.G.A. § 10-1-390, *et seq*.**

35. Plaintiff incurred the Debt as a result of engaging into "[c]onsumer transactions" as the term is defined by O.C.G.A. § 10-1-392(10).

36. Defendant's unfair or deceptive acts to collect the Debt occurred in commerce, in violation of O.C.G.A. § 10-1-393(a).

37. Defendant's actions and omissions violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. as detailed herein.

38. A violation of the FDCPA is also a violation of the FBPA. *See 1st Nationwide Collection Agency v. Werner*, 288 Ga. App. 457, 458-60 (2007).

39. Defendant's actions also independently violate the FBPA.

40. Defendant's direct contact with Plaintiff after Plaintiff's attorney had warned Defendant not to directly contact Plaintiff was unfair or deceptive.

41. Defendant's violation of the FBPA makes it liable to Plaintiff for the actual damages detailed above to be shown with more particularity at a later date. O.C.G.A. § 10-1-399(a).

42. Defendant's violation of the FBPA makes it liable to Plaintiff for "reasonable attorneys' fees and expenses of litigation incurred," "irrespective of the amount in controversy." O.C.G.A. § 10-1-399(d).

43. Defendant's intentional acts in violation of the FBPA also makes it liable to Plaintiff for treble damages. O.C.G.A. § 10-1-399(c).

44. Defendant's intentional acts in violation of Georgia's FBPA also makes it liable for "exemplary damages," sometimes also called punitive damages, pursuant to O.C.G.A. § 10-1-399(a), in an amount to be determined by the enlightened conscious of a jury.

## DAMAGES

45. As result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

46. Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

47. As a direct consequence of Defendant's acts and omissions, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, mental anguish, fear, frustration, embarrassment, and other damages in an amount to be proven at trial.

48. As a direct consequence of Defendant's acts and omissions, Plaintiff has incurred the cost of hiring legal counsel to investigate and defend against Defendant's unlawful collection activity.

49. As a direct consequence of Defendant's acts and omissions, Plaintiff has been wrongfully denied the benefit of the payments she made for representation of legal counsel to act as an advocate, defender, and intermediary between her and Defendant.

50. Defendant acted willfully and with malice, wantonness, oppression, or with that entire want of care which would raise the presumption of conscious indifference to the consequences of its actions, entitling Plaintiff to an award of punitive damages in an amount to be determined at trial.

WHEREFORE, PLAINTIFF prays for the following relief:

(a) Judgment finding Defendant liable for violations of the Fair Debt Collection Practices Act and the Georgia Fair Business Practices Act;

(b) Actual damages pursuant to 15 U.S.C. § 1692(k)(a)(1), and O.C.G.A. § 10-1-399(a);

(c) Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692(k)(a)(2);

(d) Treble damages pursuant to O.C.G.A. § 10-1-399(c);

(e) Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k)(a)(3) and O.C.G.A. § 10-1-399(d);

(f) Punitive damages pursuant to O.C.G.A. § 10-1-399(a); and

(g) For such other and further relief as this Court deems just and proper.

## PLAINTIFF DEMANDS A TRIAL BY JURY

Dated: December 22, 2020.

                                              Respectfully submitted,

| | |
|---|---|
| Honsalek Law, LLC | /s/ Brandon K. Honsalek |
| 414 Pine Grove Ave. | Brandon K. Honsalek |
| Grayson, GA 30017 | Georgia Bar No. 742962 |
| Phone: 404-913-6992 | *Attorney for Plaintiff* |
| Fax: 470-745-4141 | |
| Email: brandon@honsalek.com | |

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

                                        Respectfully submitted,

Honsalek Law, LLC                       /s/ Brandon K. Honsalek
414 Pine Grove Ave.                     Brandon K. Honsalek
Grayson, GA 30017                       Georgia Bar No. 742962
Phone: 404-913-6992                     *Attorney for Plaintiff*
Fax: 470-745-4141
Email: brandon@honsalek.com